Stetson *v.* Hayden.

## WILLIAM L. STETSON *vs.* EDSON HAYDEN.

An assignment of an insolvent debtor's estate, under *St.* 1838, *c.* 163, dissolves an attachment made on the estate in an action for a malicious prosecution, as well as an attachment made in an action on contract.

WRIT OF ENTRY, brought by the assignee of the estate of William Pittsinger, an insolvent debtor, to recover a tract of land in Chesterfield.   The case was submitted to the court (without argument) on the following agreed statement ·   On the 23d of

3 *

February 1843, the tenant, Hayden, commenced an action on the case, for a malicious prosecution, against said Pittsinger, in which, on the 25th of said February, he attached the land demanded in this suit. At the court of common pleas, held on the 4th Monday of March 1844, said Hayden recovered judgment in that action, for $75 damages, and costs of suit, and took out execution thereon within thirty days, to wit, on the 16th of April 1844, and caused it to be levied on said land, which was owned by said Pittsinger.

On the 15th of March 1844, upon the application of said Pittsinger, a warrant was issued, under *St.* 1838, *c.* 163, by a master in chancery, to a messenger, to take possession of all the property of said Pittsinger, not exempted from attachment. The first publication in a newspaper of the notice of issuing said warrant, as ordered by the master, was made on the 19th of said March. The demandant in this suit was duly chosen assignee of said Pittsinger's estate, on the 27th of the same March, and has proceeded to settle the same.

Judgment to be entered for the demandant, if the levy of said execution was invalid; otherwise, for the tenant.

Dewey, J. The only point here presented is, as we understand, that arising from the peculiar character of the demand upon which the tenant's attachment was made. That demand was in no sense a debt, or a claim for liquidated damages, but a right of action to recover damages for a misfeasance, in instituting a malicious prosecution, &c. Such being the nature of the demand, it is supposed by the tenant that it was not within the operation of *St.* 1838, *c.* 163, § 5, declaring all attachments dissolved, upon instituting proceedings in insolvency, and the transfer of the property to the assignee. But this, we think, is an incorrect view of the provisions of the statute, and one that would operate with great injustice; as it would give a manifest preference to claims founded on torts, over those founded on contract. Every attachment, in a suit brought upon contract, it is conceded, would have been dissolved, and the attached property passed over to the assignee, for general distribution among all the creditors *pro ratâ*

But in the view taken by the tenant, the dissolution of the attachment on all suits on contracts would operate to place the property, not in the hands of the creditors generally, but to apply it exclusively, in the first instance, to one class of creditors, and those having no peculiar claims to the assets, upon the ground of having contributed to their existence by a credit given to the debtor. Such is not the language or the spirit of the statute. If a demand for damages sustained by a malicious prosecution do not entitle the party to prove his claim and take a dividend, that will not vary the rights of the party as to the attachment. Looking at the case in any aspect, we are satisfied that the demandant is entitled to recover